```
                                                    USDC SDNY
                                                    DOCUMENT
UNITED STATES DISTRICT COURT                        ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                       DOC #: _____
---------------------------------------------------x  DATE FILED: September 27, 2013
```

MARTILET MANAGEMENT SERVICES, :
INC.
                                            :
              Plaintiff,                                  12 Civ. 6691 (PAC)
                                            :
  -against-                                        OPINION & ORDER
                                            :
THOMAS J. BAILEY and THOMAS J.
BAILEY & ASSOCATES, P.C.,         :

              Defendants.    :
---------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

       Plaintiff Martilet Management Services, Inc. brings this action against Defendants Thomas J. Bailey ("Mr. Bailey") and Thomas J. Bailey & Associates, P.C. (the "Firm")[1] seeking the return of the $1,000,000 "good faith deposit" that Plaintiff made with the Firm pursuant to a loan agreement, in addition to attorney's fees and costs. Pending before the Court are four motions: (1) Plaintiff's motion for summary judgment; (2) Plaintiff's motion for sanctions; (3) Defendants' motion to transfer venue; and (4) Defendants' motion for a more definite statement of the Complaint's fraud-based claims. For the reasons set forth below, Plaintiff's summary judgment motion is granted in part and denied in part, Plaintiff's motion for sanctions is denied, and Defendants' two motions are denied.

---

[1] The Complaint names two additional defendants, Michael Bradley and LPL Financial, but Plaintiff's claims against them have been dismissed per the parties' stipulation. (*See* Dkt. 9.)

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Canadian corporation, Defendant Bailey is an attorney, and the Firm is his law firm. Plaintiff and the Firm entered into a loan agreement (the "Contract"),[2] pursuant to which the Firm agreed to seek funding for a loan of $2,500,000 for Plaintiff. Plaintiff, in turn, agreed to make a "good faith deposit" of $1,000,000 to the Firm, to be paid in two installments of $500,000 each. (Contract at 1.) The deposits were "to remain in the [Firm's] trust account for the duration of the loan period." (*Id.* at 2.) Plaintiff also agreed "to supply to the [Firm] certain financial and personal information to complete due diligence and loan underwriting." (*Id.* at 1.)

The Contract provides that "[i]n the event the [Firm] is unable to fund the loan within Sixty (60) days of the date of this Agreement, then all deposits plus interest (if any) shall be returned to the [Plaintiff]." (*Id.* at 2.) Similarly, the Contract gave Plaintiff the option to "terminate this Agreement within 60 days from the execution of this Agreement if the [Firm] is unable or unwilling to fund the loan. All deposits held in trust by the [Firm] shall immediately be returned to the [Plaintiff]." (*Id.* at 3.) Once a loan was made, however, the Contract provided that if Plaintiff defaulted by failing to "make any payment when required," then the deposit "shall be deemed turned over to the [Firm] as payment towards any amounts outstanding on the loan." (*Id.* at 3.) Finally, the Contract provided that "[i]f any legal action or other proceeding is brought in connection with this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees and other related costs." (*Id.* at 4.)

The Firm does not dispute that these were the terms of the Contract between it and Plaintiff. (Defs.' R. 56.1 Stmt. ¶ 1.) Nor does it dispute that it never funded the loan. (Def.'s Opp'n 2.) It contends, however, that it was not obligated to perform on the Contract due to "the

---
[2] Pl.'s Ex. 3.

failure of Plaintiff to satisfy the condition precedent" in the Contract, namely Plaintiff's obligation to supply to "certain financial and personal information to complete due diligence and loan underwriting." (*Id.* at 3.) Plaintiff has not directly addressed Defendants' contention that it did not supply this information.

Although the facts in the case are straightforward, its procedural history is somewhat unusual. At a hearing on September 21, 2012, the Court denied Plaintiff's motion for a preliminary injunction. (Hr'g Tr. 6.) At that hearing, the Court inquired about the due date of the Defendants' answer to the Complaint, and Defendants' counsel agreed to file it by October 1, 2012. (*Id.* at 10.) The Court also scheduled a deposition of Mr. Bailey for October 4, in contemplation of Plaintiff's forthcoming motion for summary judgment. (*Id.* at 11.) Defendants neither filed an answer on October 1, nor did Mr. Bailey appear for his deposition scheduled for October 4. Instead, on October 1 Defendants filed motions seeking a more definite statement of Plaintiff's fraud-based claims and seeking a transfer of venue to the Eastern District of New York. Plaintiff did not respond to these motions, but it subsequently filed a motion for summary judgment and for sanctions, which Defendants oppose.

## DISCUSSION

### I.   Plaintiff's Motion for Summary Judgment

#### A.  Summary Judgment Standard

"Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The moving party bears the initial burden of producing evidence on each material element of its claim or defense demonstrating that it is entitled to relief.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The evidence on each material element must be sufficient to entitle the movant to relief as a matter of law.  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

Once the moving party has made an initial showing that no genuine dispute of material fact remains, the nonmoving party may not refute this showing solely by means of "[c]onclusory allegations, conjecture, and speculation," *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003), but must instead present specific evidence in support of its contention that there is a genuine dispute as to material facts.  Fed. R. Civ. P. 56(c).  The Court resolves all ambiguities and draws all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts."  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)).  Although a defendant's answer to the complaint typically precedes a motion for summary judgment, "[n]o party has to wait for a responsive pleading before filing a summary judgment motion."  11 *Moore's Federal Practice - Civil* § 56.60[2][a]; Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

**B.  New York Contract Law**

"Under New York law, the initial interpretation of a contract is a matter of law for the court to decide."  *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002) (applying New York Law) (internal quotation marks omitted).  Whether a contract is ambiguous and what an unambiguous contract means are matters of law.  *Diesel Props S.r.l. v.*

4

*Greystone Bus. Credit II LLC*, 631 F.3d 42, 51 (2d Cir. 2011).  "Thus, where a question of intention is determinable by written agreements, the question is one of law, appropriately decided . . . on a motion for summary judgment."  *Mallad Constr. Corp. v. Cnty. Fed. Sav. & Loan Ass'n*, 298 N.E.2d 96, 100 (N.Y. 1973).

In construing contracts, they "must be read as a whole, and if possible, courts must interpret them to effect the general purpose of the contract."  *Postlewaite v. McGraw-Hill, Inc.*, 411 F.3d 63, 67 (2d Cir. 2005).  "[P]arties to an agreement are presumed to act sensibly in regard to it and an interpretation that produces an absurdly harsh result is to be avoided."  *River View Associates v. Sheraton Corp. of Am.*, 306 N.Y.S.2d 153, 156 (App. Div. 1st Dep't 1969) *aff'd*, 262 N.E.2d 416 (1970); *see also Lee v. Marvel Enterprises, Inc.*, 386 F. Supp. 2d 235, 244 (S.D.N.Y. 2005) ("[U]nfair and anomalous results are to be avoided.").  Likewise, "[i]t is axiomatic that the law does not favor forfeiture or penalties."  *In re Herzog*, 93 N.E.2d 336, 340 (N.Y. 1950).

### C. Analysis

It is undisputed that Plaintiff made a $1 million "good faith" deposit with the Firm pursuant to the Contract and that the Contract provides that the deposit "shall be returned" to the Plaintiff if the Firm is "unable to fund the loan" within sixty days of signing the Contract.  Nor is there any dispute that the Firm failed to return the deposit.  The Firm's sole argument for keeping the deposit is that Plaintiff "did not comply with the conditions precedent" in the Contract— namely, its obligation to provide the Firm with information necessary to obtain the loan.  Since Plaintiff does not address this allegation, the Court must assume for purposes of this summary judgment motion that Plaintiff has in fact failed to provide the information.

### 1.     Contract Claim for Return of the Plaintiff's Deposit

The Contract unambiguously obligates the Firm to return the Plaintiff's deposit if the Firm is unable to obtain the loan within sixty days of execution.  Defendants' characterization of the Contract's purported "condition precedent" is both incorrect and of no moment.  The term setting forth Plaintiff's "agree[ment] to supply to the [Firm] certain financial and personal information" is a promise, not a condition precedent.  "Conditions are not favored under New York law, and in the absence of unambiguous language, a condition will not be read into the agreement."  *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1099–1100 (2d Cir. 1992).[3]  In any event, as either a breached promise or a non-occurrence of a condition precedent, Plaintiff's failure to provide the Firm with pertinent information for obtaining the loan would, at most, excuse the Firm from performing its obligation to seek the loan.  *See Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc.*, 361 F. Supp. 2d 283, 291 (S.D.N.Y. 2005) ("[T]he material breach of a contract by one party discharges the contractual obligations of the non-breaching party.") (citing *Restatement (Second) of Contracts* § 237 (1981)).  It does not entitle the Firm to retain Plaintiff's million-dollar deposit.

Defendants assert no other basis for an entitlement to keep the deposit, and a review of the Contract's terms reveals none either.  Indeed, it is apparent that the purpose of the deposit was to provide the Firm with recourse in the event that Plaintiff defaulted on loan payments.  Under the heading "Consequences of Default," the Contract provides that the deposit would be "deemed turned over to the [Firm] as payment towards any amounts outstanding on the loan" in

---

[3] "A promise is a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made.  A *condition,* by comparison, is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due."  *Merritt Hill Vineyards Inc. v. Windy Heights Vineyard, Inc.*, 460 N.E.2d 1077, 1081 (1984) (citations and internal quotation marks omitted).

the event of a default, defined as when "the Borrower does not make any payment when required." If no loan is ever made, however, two provisions in the Contract expressly obligate the Firm to return the deposit to Plaintiff. The first, under the heading "Terms and Conditions," requires the return of the deposit if the Firm is "unable to fund the loan within Sixty (60) days," and the second, under the heading "Termination of Contract," contains a substantially identical requirement and defines that event as termination of the Contract. In particular, it reiterates that "[a]ll deposits held in trust by the Lender shall immediately be returned to the Borrower."

Nor is there any basis for the Court to construe the deposit as a form of liquidated damages available to the Firm in the event of Plaintiff's failure to provide information to obtain the loan. No such purpose is discernible from the Contract read as a whole, *see Postlewaite*, 411 F.3d at 67, and such a harsh result is unwarranted absent unambiguous language that so provides. *See River View*, 306 N.Y.S.2d at 156; *cf. NML Capital v. Republic of Argentina*, 621 F.3d 230, 236 (2d Cir. 2010) ("Under New York law, a 'contractual provision fixing damages in the event of breach' constitutes an unenforceable penalty where 'the amount fixed is plainly or grossly disproportionate to the probable loss.'").

In summary, the Contract provides that the Firm could retain Plaintiff's deposit only as recourse in the event of a default on the loan, but if the loan was not funded within sixty days, it was to be returned "immediately." Notwithstanding Plaintiff's presumed breach, it is entitled to the return of its deposit because no loan was ever made. To the extent that Plaintiff's deposit has accrued interest in the Firm's account, Plaintiff is entitled to that interest as well. (Contract at 2 ("[A]ll deposits plus interest (if any) shall be returned to the [Plaintiff].").) Finally, as the prevailing party, the Contract entitles Plaintiff to "recover reasonable attorney's fees and other related costs" associated with this claim (*see id.* at 4.). *See McGuire v. Russell Miller, Inc.*, 1

7

F.3d 1306, 1313 (2d Cir. 1993) ("a federal court will enforce contractual rights to attorneys' fees if the contract is valid," subject to the court's "broad discretion").

The Court notes, however, that it grants summary judgment on the contract claim with respect to the firm, not Mr. Bailey. Mr. Bailey is not a party to the Contract, nor has it been established that he personally received the deposit. Although Mr. Bailey represented the Firm and signed the Contract on its behalf, that does not obligate him personally on the Contract. *See Restatement (Third) Of Agency* § 6.01 cmt. d (2006) ("An agent is not a party to a contract if any portion of the parties' writing makes clear that the agent acts solely in a representative capacity on behalf of a disclosed principal."); *accord* 22 N.Y. Jur. 2d Contracts § 259. Plaintiff has failed to submit any evidence to support its characterization of the Firm as Mr. Bailey's "alter ego" (Compl. ¶¶ 48–52), and therefore summary judgment as to Mr. Bailey is denied.

2. **Other Claims for Relief**

Plaintiff also asserts various alternative legal theories in support of its claim for the return of its deposit, including unjust enrichment, fraud, conversion, and civil RICO. The Court need not address them because Plaintiff has prevailed on its contract claim for the same relief. *See Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995) ("A plaintiff seeking compensation for the same injury under different legal theories is of course only entitled to one recovery."). Although the Complaint initially sought various other forms of relief, including consequential and punitive damages, Plaintiff's briefing indicates that it now seeks only the return of its $1 million deposit, "plus costs and fees" and "an appropriate sanction" for failure to appear for the October 4 deposition.[4] Accordingly, the Court deems the other claims abandoned.

---

[4] Pl.'s Reply 7; *see also id.* at 4 ("[P]laintiff is not seeking specific performance as to the loan, but merely the return of the plaintiff's own funds, the $1,000,000 good faith deposit.").

*See Arbercheski v. Oracle Corp.*, No. 05-CV-591, 2005 WL 2290206, at *3 (S.D.N.Y. Sept. 19, 2005) ("[W]here a plaintiff expressly states in motion papers that her complaint does not allege a particular claim, such a statement 'constitutes an express and binding abandonment' of the claim.") (quoting *Conboy v. AT&T Corp.*, 241 F.3d 242, 250 (2d Cir. 2001)).

## II.     Plaintiff's Motion for Sanctions Against Defendants

Where a party fails to appear for a court-ordered deposition, the Court may impose sanctions. Fed. R. Civ. P. 37(b), (d). The Southern District's Local Rules, however, require the party moving for sanctions to first request an "informal conference with the Court" before making the motion. Local Civ. R. 37.2. Although it is undisputed that Mr. Bailey failed to appear for his court-ordered deposition (Def.'s R. 56.1 Stmt. ¶ 11), Plaintiff has not requested an informal conference on the question of sanctions. Accordingly, the motion for sanctions is denied.

## III.    Defendants' Motions

Defendants move (1) for a transfer of venue to the Eastern District of New York;[5] and (2) for a more definite statement of the Plaintiff's fraud-based claims.[6] Significantly, Defendants filed these motions after representing to the Court, at a hearing on September 21, 2012, that they would file an answer to the Complaint on October 1. (Hr'g Tr. 10.) At that hearing, in discussing the agreed-upon schedule for filing an answer and for Mr. Bailey's deposition, Defendants' counsel never suggested that they had any objection to venue. Without any further communication with the Court, Defendants failed to file an answer on October 1 and instead filed these motions, unaccompanied by a memorandum of law as required by Local Civil Rule

---

[5] *See* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).

[6] *See* Fed. R. Civ. P. 12(e).

9

7.1(a)(2).[7]  Under these circumstances, the Court finds that Defendants have waived their venue objection and therefore denies the motion to transfer.  *See generally* 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1352 (3d ed. 2013) (defendant may waive venue objection by conduct); *Ferraro Foods, Inc. v. M/V Izzet Incekara*, No. 01-CV-2682, 2001 WL 940562, at *4 (S.D.N.Y. Aug. 20, 2001) ("Whether a party has impliedly waived objections to venue is a fact-intensive inquiry.").[8]

As for Defendants' motion for a more definite statement of the fraud-based claims, the Court has not relied on those claims in granting Plaintiff's motion for summary judgment.  The contract claim is dispositive.  Accordingly, Defendants' motion for a more definite statement is denied as moot.

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

- Plaintiff's motion for summary judgment is granted as to the Firm but denied as to Mr. Bailey.  Plaintiff is entitled to the return of its deposit of $1,000,000, plus any interest that may have accrued in the accounts where it was held.  Plaintiff is also entitled to recover reasonable attorney's fees and related costs.

- Plaintiff's motion for sanctions is denied.

- Defendants' motions for transfer of venue and for a more definite statement are denied.

These orders are made without prejudice to any counterclaims for actual damages that Defendants may have.  The Clerk of Court is directed to terminate the parties' motions at Docket Nos. 11 and 17.  The parties shall submit a proposed briefing schedule by Wednesday, October

---

[7] Defendants submitted only an "affirmation" and exhibits thereto.  *See* Local Civ. R. 7.1(a)(3).

[8] Defendants will suffer no prejudice from this denial:  this Court is located on the other end of the Brooklyn Bridge from the main Eastern District Courthouse (*i.e.*, two subway stops).

9, 2013 on the issues of interest, attorney's fees, and costs, or if there is no disagreement on those issues, to so stipulate.

Dated: New York, New York
September 27, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge